[Cite as *Henry v. Henry*, 2013-Ohio-3967.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DAWN S. HENRY

    Appellee

    v.

JAMES A. HENRY

    Appellant

C.A. No.    12CA0066

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    10-DR-0001

DECISION AND JOURNAL ENTRY

Dated: September 16, 2013

CARR, Judge.

{¶1} Appellant James Henry appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} Dawn Henry, nka Parker, ("Wife") and James Henry ("Husband") were divorced in December 2010. The trial court divided Husband's retirement account as follows: "Nearly 10 years of the PERS [public employees retirement system] is premarital. The coverture fraction (as determined by PERS) shall be divided equally by DOPO [division of property order]." Husband retired subsequent to the parties' divorce and a DOPO was ultimately approved by the Ohio Attorney General. Husband obtained new employment with a governmental agency as soon as he was lawfully able to qualify for reentry into PERS.

{¶3} Husband was ordered to pay child and spousal support to Wife. Husband directed the Child Support Enforcement Agency ("CSEA") to deduct his child and spousal support

obligations from his PERS account, rather than from his new employment income. The payment of child and spousal support is accorded a higher priority under the law than is the division of property. Because of legislation prohibiting the deduction of more than 50% from a payee's PERS account to pay for obligations to others, Wife was unable to receive the full amount of her share of Husband's PERS, i.e., one-half of the coverture fraction. Accordingly, Wife filed a motion to enforce the parties' DOPO.

{¶4} The trial court held a hearing on Wife's motion and issued a judgment to enforce the DOPO. The trial court found that Wife's one-half interest of the coverture fraction of Husband's retirement amounted to $1,464.87 per month, which amounted to a total of $13,183.83 for the nine months of 2012 at issue. The court found, however, that Wife only received $1,728.60 because of the 50% withholding limitation on PERS accounts. Accordingly, the trial court ordered Husband to pay Wife the sum of $11,455.23, which represented the difference between the amount she received from PERS and the amount she should have received pursuant to the parties' DOPO. Husband filed a timely appeal, raising one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED A PROPERTY DIVISION BY CHANGING THE DIVISION OF APPELLANT'S RETIREMENT ACCOUNT FROM "SHALL BE DIVIDED EQUALLY" TO "WIFE SHOULD RECEIVE $1,464.87 PER MONTH," WHERE THE TRIAL COURT HAD NO JURISDICTION TO MODIFY THE DECREE OF DIVORCE.

{¶5} Husband argues that the trial court improperly modified the division of property in the parties' divorce decree in the absence of jurisdiction to do so. This Court disagrees.

**{¶6}** R.C. 3105.171(I) prohibits any modification by the domestic relations court of a division of property order in the absence of express written consent or agreement of both spouses. However, while the trial court "retains no jurisdiction to modify its decision regarding the equitable division of property * * *, it does retain jurisdiction to "'clarify and construe its original property division so as to effectuate its judgment.'" *Helmstedter v. Helmstedter*, 9th Dist. Summit No. 24237, 2009-Ohio-3559, ¶ 11, quoting *Cisco v. Cisco*, 4th Dist. Gallia No. 08CA8, 2009-Ohio-884, ¶ 11.

**{¶7}** Although Wife moved to enforce the parties' DOPO, and the trial court asserted that it was merely enforcing its prior order, Husband opposed the motion below and argues now on appeal that the trial court in fact modified the division of property. We disagree with Husband's assertion.

**{¶8}** The evidence adduced at hearing[1] indicated that Husband's monthly PERS benefit is $4,461.99. The coverture fraction is 20.870/31.873, meaning that Husband and Wife were married during 20.870 years of the 31.873 years that Husband contributed to PERS. The trial court calculated Wife's one-half interest in Husband's retirement benefit in consideration of the coverture fraction to be $1,464.87 per month.[2]

**{¶9}** Because of the withholding limitation on PERS accounts, Wife was only receiving $214.80 per month for her monthly share of the property division regarding Husband's

---

[1] According to the transcript of the hearing, the parties stipulated to the admission, authenticity, and accuracy of certain exhibits. No exhibits, however, were included in the record on appeal. Accordingly, this Court gleans the substance of the exhibits from the parties' testimony.

[2] By this Court's calculation, Wife's monthly one-half interest would be $1,460.82. However, Husband does not challenge the trial court's calculation. Rather, he argues that any enumerated amount, irrespective of the specific amount, constitutes an improper modification of the DOPO for lack of jurisdiction.

retirement. As child and spousal support was paid to her from the PERS account, she was effectively paying a portion of the support due to her from her own funds. However, the divorce decree clearly ordered that Wife receive child and spousal support in a sum certain, as well as her interest in Husband's retirement account. While her interest in the property division regarding Husband's PERS account was expressed as a formula in the divorce decree, that formula necessarily had a practical application dependent on Husband's monthly benefit which could only be determined after Husband retired. In this case, the trial court did not modify the divorce decree. Instead, it merely ordered enforcement of Wife's right to receive her share of the property division by applying the formula to the numerical realities involved. Once the trial court determined Husband's monthly PERS benefit, as stipulated by the parties, it merely applied the exact formula enunciated in the divorce decree to arrive at the amount that Wife should have received during the time period relevant to the hearing. Based on that amount and the amount Wife actually received during that time period, the trial court ordered that Husband pay Wife the difference so that she would have received the property to which she was entitled.

{¶10} Significantly, the trial court did not order that Wife shall forever receive $1,464.87 per month as her share of Husband's PERS account. We note the wisdom of the trial court in impliedly recognizing that Husband's monthly PERS benefit may change over time, so that an order designating a permanent specific amount as Wife's share would be improper. Instead, the trial court applied the definitive formula enunciated in the divorce decree to the variables as they existed at the relevant time for the sole purpose of enforcing the DOPO. The trial court's judgment did not, therefore, constitute a modification of the decree but rather its enforcement.

**{¶11}** Finally, this Court disagrees with Husband's argument that Wife could have only addressed this issue with the trial court by filing a motion for relief from judgment pursuant to Civ.R. 60(B). We agree with Wife and conclude that Civ.R. 60(B) relief was not implicated because Wife did not seek to set aside the divorce decree. Rather, she sought enforcement of the decree and receipt of her share of the property addressed by the DOPO.

**{¶12}** Husband's assignment of error is overruled.

### III.

**{¶13}** Husband's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

THOMAS D. WHITE, CHRISTOPHER M. WHITE, and ALYSSE L. GILES, Attorneys at Law, for Appellant.

RENEE J. JACKWOOD, Attorney at Law, for Appellee.